**Brian HOARD, Plaintiff–Appellant,**

v.

**James REDDY, et al., Defendants–Appellees.**

No. 98–2624.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 1999.

Decided April 23, 1999.

Brian Hoard (submitted), Galesburg, IL, Plaintiff–Appellant Pro Se.

Richard A. Devine (submitted), Office of the State's Attorney of Cook County, Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

Brian Hoard brought suit under 42 U.S.C. § 1983 against various officials of Cook County, Illinois. He seeks damages for their having violated his constitutional right of access to the courts (*Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)) by hindering his efforts to litigate a state-court collateral attack on his conviction. The district court dismissed the suit on the authority of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which forbids a

convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside, which Hoard has not done. As we explained in *Carr v. O'Leary,* 167 F.3d 1124, 1127 (7th Cir.1999); see also *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir. 1998); *Sylvester v. Hanks,* 140 F.3d 713, 714 (7th Cir.1998), there is probably an exception to the rule of *Heck* for cases in which no route other than a damages action under section 1983 is open to the person to challenge his conviction. Hoard is claiming—correctly we must assume, given the posture of the case—that the defendants prevented him from challenging his conviction. Now it might seem that any such blockage would be easily circumvented. A prisoner who is prevented from exhausting his state remedies can go directly to federal district court to obtain relief from his conviction by means of federal habeas corpus. But federal habeas corpus can be used only to challenge violations of federal law, and it appears that Hoard wishes to challenge his conviction on state-law grounds as well. For that he needs access to a state remedy. But we do not understand him to be arguing that the defendants' alleged violation of his right of access to the courts has forever barred him from pursuing his state postconviction remedy so that the only relief available to him is damages. He could not argue this, because if the defendants are illegally blocking his access to state postconviction remedies, he can obtain an injunction under 42 U.S.C. § 1983 to clear away the blockage. E.g., *Edwards v. Balisok,* 520 U.S. 641, 648–49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). As he is not seeking such relief, he has no basis for complaining that no route is open to him other than this damages action for challenging the validity of his conviction. His claim for damages is therefore barred by *Heck* even if there is the exception we indicated for cases in which there is no way to get the conviction undone. *Nance v. Vieregge, supra,* 147 F.3d at 591–92.

■ As it happens, Hoard is seeking an injunction as well as damages. But it is not an injunction against blocking his access to the courts that he seeks; it is an injunction ordering the state court to reopen his postconviction proceeding. A civil rights suit is no more a proper method of collateral attack on a conviction when an injunction is sought than when damages are sought. The latter route is blocked by *Heck* and the former by such decisions as *Preiser v. Rodriguez,* 411 U.S. 475, 487, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Whitlock v. Johnson,* 153 F.3d 380, 389 (7th Cir.1998), and *Scruggs v. Moellering,* 870 F.2d 376, 379 (7th Cir.1989).

■ But this conclusion brings into view the following paradox. A claim for damages in respect of an unconstitutional denial of access to the courts, unlike a claim of damages for an unconstitutional conviction, does not require the plaintiff to prove that, had it not been for the denial, he would have won his case. It is enough that his case was not frivolous. We held this in *Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir.1998), picking up a broad hint in *Lewis v. Casey,* 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The question arises how this conclusion can be squared with *Heck,* or with the ruling in *Nance* that only prospective relief is available in a prisoner's suit complaining of denial of access to the courts unless he has succeeded in getting his conviction annulled, since otherwise an effort to obtain damages would be blocked by *Heck.* That ruling seems to exclude a damages claim by a prisoner who has merely a colorable case.

■ The contradiction between *Walters* and *Nance* (and this case, which is *Nance*-like) is only apparent. To get damages you must prove you lost something of monetizable value; but this is not required for an injunction—indeed, the inadequacy of one's damages remedy is normally a prerequisite to injunctive relief. If a prisoner whose access to the courts is being blocked in violation of the Constitution cannot prove that, had it not been for the blockage, he would have won his case or at

**534**

least settled it for more than $0 (the point emphasized in *Lewis*), he cannot get damages but he can get an injunction. In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated. But suppose that he is complaining instead about being hindered in his efforts to rectify illegal prison conditions. Since it is well known (and emphasized in both *Lewis* and *Walters*) that colorable claims have a settlement value, the prisoner may be able to show that had he not been hindered in prosecuting his claim he might have gotten some money for it, even if it wasn't a sure winner. He has to show that the claim was colorable and so had some value in the litigation market but he does not have to establish the validity (as distinct from colorableness) of the claim as a precondition to obtaining damages. In the setting of *Heck*, there is nothing corresponding to a colorable claim; either the conviction was invalid, in which case the defendant suffered a legally cognizable harm, or it is not and he did not.

AFFIRMED.