**Robert C. BEESE, et al., Plaintiffs–Appellants,**

v.

**Jennifer TODD, et al., Defendants–Appellees.**

No. 01–3951.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2002.*

Decided March 21, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

ORDER

State prisoners Robert Beese, Jonathan Pearson, and Karl Amenson appeal from orders dismissing their claims that conspiring guards at Wisconsin's Oshkosh Correctional Institute unconstitutionally interfered with their access to the courts. We affirm in part, and vacate and remand in part.

The plaintiffs contend, and we take as true in reviewing a dismissal for failure to state a claim, *Jacobs v. City of Chicago*, 215 F.3d 758, 763 n. 1 (7th Cir.2000), that prison guard Jennifer Todd seized from Beese's cell and read legal papers including complaints, transcripts, petitions, and affidavits. The papers related to the plaintiffs' various active cases, which Beese, a "jailhouse lawyer," was helping the others pursue. Todd acted pursuant

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

to orders from other guards and prison staff, and her actions were a deliberate attempt to stymie the plaintiffs' access to the courts. After more than a month of demands, prison staff returned some of the papers to the plaintiffs, but other documents including affidavits belonging to Beese have never been returned. The defendants initially tried to justify their actions by claiming reliance on a new prison regulation that requires inmates to use the U.S. mail system to send any legal materials to other prisoners within the same facility, but at the time of the seizure this regulation did not appear in the prison's published code, nor was it posted.

Employing 42 U.S.C. §§ 1983 and 1985(3), the plaintiffs sued the guards and staff allegedly involved in the papers' seizure. The district court dismissed the case in two orders. First, relying on Fed. R.Civ.P. 12(b)(6), the court held that the prison guards and staff, as employees of the same agency, were shielded from the plaintiffs' conspiracy claim by the intracorporate conspiracy doctrine. It also concluded that plaintiffs Beese and Amenson had not stated a claim for denial of access to the courts because they had not alleged the "actual injury" required by *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), but that Pearson *had* alleged an actual injury caused by the seizure of his court papers: he lost two federal habeas corpus actions. But in a subsequent order pursuant to Fed.R.Civ.P. 12(c), the district court determined that Pearson's allegation of lost habeas corpus cases implicates *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a § 1983 action for money damages that would call into question a criminal conviction cannot be brought until the conviction has been invalidated. *Id.* at 489, 114 S.Ct. 2364. If Pearson were to win his § 1983 action, reasoned the district court, his still-valid

underlying conviction would be called into question: the injury alleged is the failure to obtain habeas corpus relief, which is no injury at all unless the underlying conviction is in fact invalid. *See Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir.1999); *Nance v. Vieregge*, 147 F.3d 589, 591–92 (7th Cir.1998). The district court posited that there is an exception to *Heck* where a § 1983 action is the only possible route to attack a conviction, *see Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Hoard*, 175 F.3d at 532, but relying on *Nance* it went on to rule that *Heck* continued to bar Pearson's claim because he could still seek a pardon that would invalidate his conviction. *See Nance*, 147 F.3d at 591. As to Pearson, therefore, the court dismissed without prejudice until he could allege that he had sought and been denied a pardon. The three plaintiffs appeal.

■ The district court correctly dismissed the plaintiffs' § 1985 conspiracy claim under the intracorporate conspiracy doctrine. Under that doctrine a "conspiracy cannot exist solely between members of the same entity." *Payton v. Rush–Presbyterean–St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir.1999). The plaintiffs alleged that the defendants are all members of the same entity, the Wisconsin Department of Corrections, and that they were all working in the Department's interest. The defendants therefore cannot not be sued under § 1985 for conspiracy. *See id. See also Wright v. Illinois Dept. of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir.1994).

■ We also think the district court correctly dismissed Beese's and Amenson's access-to-the-courts claims because neither alleges that the seizure of their legal papers caused some actual injury, such as the dismissal of a complaint or an inability

to file a complaint at all. *See Lewis,* 518 U.S. at 351, 116 S.Ct. 2174. Amenson did contend that one of his cases suffered delays when his papers were seized, but mere delay without more does not establish actual injury. *See Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir.1995). Beese makes only conclusory allegations of prejudice insufficient to satisfy the actual injury requirement. Moreover, his nascent suggestion, not addressed by the district court but evident in the complaint and his brief, that the guards violated his "right" to provide legal assistance to other inmates lacks a basis in law. *See Shaw v. Murphy,* 532 U.S. 223, 230–32, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) (holding that inmates do not have right to provide legal assistance to other inmates).

■ Pearson's case presents more difficulty. No one, not the plaintiffs and not the defendants who raised the *Heck* defense has ever identified a particular court action brought by Pearson that was impeded by the seizure of papers from Beese's cell. The district court read the complaint as alleging that Pearson lost two federal habeas corpus actions because of the defendants' conduct, but the record reveals confusion, even on the part of the plaintiffs, as to the nature and number of Pearson's dismissed actions. At points Pearson alleges three "Actions" were dismissed; at others he claims two. Sometimes the actions are both "post-conviction" and "habeas corpus in nature;" other times they are only "habeas corpus." As far as the record reveals, Pearson never said that the cases were *federal* actions; maybe they involved state habeas corpus. *See* Wis. Stat. § 782.01. Nor did anyone ever describe the underlying bases for Pearson's lawsuits; the defendants and the district court assume that they necessarily related to Pearson's conviction, but perhaps the actions challenged something other than

the fact or duration of Pearson's confinement such that awarding damages for their disruption would not call into question his underlying conviction. Indeed, in their brief the plaintiffs argue that Pearson's "writs did not pertain to his conviction, per se." Without answers to these questions, we cannot endorse the district court's application of the *Heck* rule the defendants must after all prove that the *Heck* defense applies. *See Carr v. O'Leary,* 167 F.3d 1124, 1126 (7th Cir. 1999); *Okoro v. Bohman,* 164 F.3d 1059, 1061 (7th Cir.1999).

■ The defendants urge that we can affirm on the alternate ground that Pearson failed to exhaust his available administrative remedies. But they do not present any arguments that the district court did not consider and reject, and we think that Pearson's inmate complaints sufficiently notified the defendants of his grievance. That he *labeled* his administrative complaints attacks on a policy rather than on the guards' actions seems to us inconsequential for exhaustion purposes. As in his § 1983 action, he complained during administrative review that the defendants denied him access to the courts when they effectuated an unposted policy regarding prisoners' possession of legal materials. We agree with the district court: Pearson's administrative complaints were enough to put the defendants on notice and provided the prison system adequate opportunity to resolve the issues.

Accordingly, we VACATE the dismissal of Pearson's claim that he was denied access to the courts, and REMAND for further proceedings solely as to that claim. In all other respects the judgment of the district court is AFFIRMED.