**William MOORE–BEY, Plaintiff–Appellant,**

v.

**Edward COHN, et al., Defendants–Appellees.**

No. 02–3931.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2003.*

Decided June 25, 2003.

Before BAUER, COFFEY, and
EVANS, Circuit Judges.

## ORDER

Indiana inmate William Moore–Bey
brought suit under 42 U.S.C. § 1983 alleg-
ing that seven named prison officials
thwarted his litigation of a postconviction
petition in violation of his First Amend-
ment right of access to the courts, forcibly
cut his hair in violation of his First

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

Amendment right to freely exercise his religion, and refused him cleaning supplies for his cell in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The district court granted leave to proceed *in forma pauperis* and ordered the United States Marshals Service to serve four of the defendants; later the court dismissed the case in its entirety after granting summary judgment in favor of those defendants. On appeal Moore–Bey argues that his access-to-the-courts claim should have survived summary judgment as to two of the served defendants; he also contends that the district court erred in failing to direct service on the other three defendants. We affirm the district court's judgment.

In October 2000, Moore–Bey was transferred from another prison to the Reception Diagnostic Center ("RDC"), an intake facility where Moore–Bey remained for two weeks before reaching his new home, the Pendleton Correctional Facility. According to his complaint, Moore–Bey submitted to a haircut when his protests on religious grounds were met with threats of discipline, and was never given supplies to clean his cell. In addition, Moore–Bey alleged in his complaint that because of the defendants' conduct he missed a deadline to petition the Indiana supreme court to accept a transfer of his postconviction action after an adverse ruling in the state appellate court.

In June 2001, the district court ordered the Marshals Service to serve Christine Stogsdill, a clerical employee assigned to the law library at Moore–Bey's former prison; Thomas Hanlon, an assistant superintendent at the RDC; and two other defendants. The court also scheduled a pretrial conference for July and directed Moore–Bey to be ready "to discuss with specificity his claims, as well as, the conduct of the defendants named in the amended complaint who have not been served." That conference apparently was cancelled, but as far as the record shows Moore–Bey never raised a concern afterward about the lack of service. Eventually the served defendants moved for summary judgment, and after waiting eight months for Moore–Bey's response, the district court granted the motion and dismissed the case with prejudice.

As to the served defendants, Moore–Bey insists that disputed issues of fact should have precluded summary judgment on his claim that Stogsdill and Hanlon denied him access to the courts. Moore–Bey has waived his remaining claims against these two defendants, and all of his claims against the other served defendants, by failing to argue them in his opening brief. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir.2002). We review the grant of summary judgment *de novo* and view the facts in the light most favorable to Moore–Bey as the nonmoving party. *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir.2003).

The evidence here is straightforward. Before Moore–Bey was moved to the RDC, Stogsdill helped him enlist Kenneth Bean, another inmate, to assist Moore–Bey in litigating a postconviction action in state court. That action was pending in the Indiana appellate court when Moore–Bey reached the RDC, and on November 20, 2000, the court issued a ruling affirming the denial of his postconviction petition. Moore–Bey received the order and forwarded a copy to Stogsdill with instructions to pass it along to inmate Bean, whom Moore–Bey expected to prepare a petition to transfer the case to the Indiana supreme court. But prison regulations prohibit inmates from corresponding with each other by mail absent permission from their superintendents, so Stogsdill gathered Moore–Bey's materials from Bean

and sent them to Moore–Bey with a reminder about the prohibition on communicating by mail. The evidence is undisputed that Stogsdill returned materials to Moore–Bey before the 30–day deadline for filing the transfer petition and supporting argument had expired. *See* Ind. R.App. P. 57(c), (g). Indeed, Moore–Bey admitted in a submission to the Indiana appellate court that by December 7 he had his "legal materials" in his possession, but in responding to the summary judgment motion he averred that it was actually months later before the materials sent by Stogsdill were received. And while he was waiting at the RDC, Moore–Bey complained orally and in writing about a lack of access to unspecified legal materials, to the RDC library, and to the assistance of a legal clerk. Some of those complaints, says Moore–Bey, were made to assistant superintendent Hanlon, who as a supervisor could have intervened to help. Ultimately, Moore–Bey let the deadline for filing a petition to transfer lapse after his two requests for an extension of time were denied.

This scenario, however, does not support a claim for relief. Inmates are entitled to a reasonably adequate opportunity to present their claims in court, *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), but to prove that this right was infringed an inmate must demonstrate that he suffered actual injury, *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *May v. Sheahan,* 226 F.3d 876, 883 (7th Cir.2000). We need not dwell, then, on whether Stogsdill or Hanlon or anyone else did anything to prevent Moore–Bey from filing his petition to transfer, *see Christopher v. Harbury,* 536 U.S. 403, 413, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (observing that acts interfering with access to court might include denying library ac-

cess or reading assistance to an illiterate prisoner); *Harrell v. Cook,* 169 F.3d 428, 432 (7th Cir.1999) (holding that destruction of evidence could impede right to pursue legal recourse), nor do we need to decide whether *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), might bar his claim altogether, *see Hoard v. Reddy,* 175 F.3d 531 (7th Cir.1999); *Nance v. Vieregge,* 147 F.3d 589 (7th Cir. 1998). What Moore–Bey failed to do is articulate any basis to conclude, or point to any evidence to suggest, that missing the 30–day filing deadline caused him concrete harm. A missed opportunity to file his petition is all that Moore–Bey contends was lost because of the defendants' conduct, but transfer is a discretionary remedy, *see* Ind. R.App. P. 4(a)(2), that is not available just for the asking. Moore–Bey has not asserted that the state supreme court would have granted his petition and overturned the appellate court, nor has he identified any nonfrivolous claim in his postconviction petition that might conceivably have given the higher court reason to do so. *See Tarpley v. Allen County,* 312 F.3d 895, 899 (7th Cir.2002) (affirming summary judgment for defendants where plaintiff provided no details about postconviction petition and civil rights suit that defendants' conduct allegedly kept him from filing); *Moore v. Plaster,* 266 F.3d 928, 930, 933 (8th Cir.2001) (affirming summary judgement for defendants where plaintiff failed to identify arguments or claims that were not pursued because of the defendants' alleged interference).

That leaves only the defendants who were never served. In its final order terminating the case, the district court did not explain its rationale for dismissing the three unserved defendants. But we are confident that the court, after having reviewed Moore–Bey's evidence as to the served defendants, carried out its statutory mandate to dismiss a complaint whenev-

er it becomes apparent to the court that no claim for relief is stated or the case is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir.2002) (explaining that 28 U.S.C. § 1915(e)(2)(B)(i) requires a district court to dismiss complaint if it is plain on its face that it is frivolous); *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir.2000) (noting that 28 U.S.C. § 1915(e)(2)(B)(ii) requires a district court to dismiss complaint if plaintiff fails to state a claim). It would have been better had the judge said so explicitly, *see Ross Bros. Const. Co. v. Int'l Steel Servs. Co.*, 283 F.3d 867, 871–72 (7th Cir.2002) (explaining that Circuit Rule 50 requires a district court to give its reasons for terminating litigation), but we cannot discern any prejudice to Moore–Bey.

 As we have already explained, his access-to-the-courts claim was a nonstarter because Moore–Bey cannot demonstrate any prejudice arising from the defendants' alleged interference with his effort to file a petition to transfer his postconviction case to the Indiana supreme court. And with respect to the haircut he received upon arriving at the RDC, Moore–Bey did not even allege that the defendants lacked a legitimate penological interest for compelling the trim, *see Reed v. Faulkner*, 842 F.2d 960, 963 (7th Cir.1988) (observing that prison restrictions on hair length will survive free exercise challenges so long as the regulation "strikes a reasonable balance between the interest in religious liberty and the needs of prison safety and security"), and at summary judgment he did not dispute evidence that *all* new arrivals at the RDC are shorn to thwart the introduction of parasites and hidden weapons or contraband into the facility. Indeed, on appeal Moore–Bey does not dispute the district court's conclusion that the haircut policy is rea-

sonably related to legitimate hygiene and security interests, and the weighing of those interests against his right to religious freedom in no way turns on the identity of the defendants. Similarly, though Moore–Bey does not even allege that *any* of the seven named defendants personally refused his requests for cleaning supplies, *see Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir.2003) (recognizing that district court may dismiss *sua sponte* when § 1983 plaintiff has not implicated named defendant in conduct giving rise to claim), his allegations about being denied cleaning supplies during his two-week stay at the RDC cannot rise to the level of an Eighth Amendment violation where he has never even alleged that his cell was unusually dirty, *see McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir.2001) (explaining that the "degree of filth endured" was important to the consideration of whether prisoner stated an Eighth Amendment claim); *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (holding that the temporary denial of cleaning supplies did not violate Eighth Amendment when the record lacked evidence that prisoners' cells were "unusually dirty or unhealthy, or that health hazards existed"). Thus, for the district court to have allowed Moore–Bey's complaint to proceed against the unserved defendants would have gained him nothing and subjected the defendants to needless harassment.

The judgment of the district court is AFFIRMED. In light of our decision, Moore–Bey has incurred one of his three allotted "strikes" under 28 U.S.C. § 1915(g).