Hector Fernando CANALES–ROBLES, Plaintiff,

v.

Colette S. PETERS, Max Williams, Robert Jester, Bobby Mink, Darin Humphries, Michael Riggins, Dan Berger, Sid Thompson, David Hansen, John and Jane Does 1–20, Defendants.

No. 6:16–cv–01395–AC

United States District Court, D. Oregon.

Signed 09/03/2017

Jesse A. Merrithew, Levi Merrithew Horst LLP, Portland, OR, for Plaintiff.

Heather J. Van Meter, Oregon Department of Justice, Salem, OR, for Defendants.

## ORDER

MARCO A. HERNÁNDEZ, United States District Judge

Magistrate Judge Acosta issued a Findings & Recommendation [24] on June 5, 2017, in which he recommends that this Court deny Defendants' motion to dismiss [13]; grant Defendants' motion for abstention as to Plaintiff's claims for injunctive relief; and deny Defendants' motion for abstention as to Plaintiff's other claims. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation ("F & R"), the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendants raise four objections to the F & R: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); (2) Plaintiff lacks standing because he has suffered no "actual injury," as required by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); (3) Plaintiff's complaint is barred by the *Rooker–Feldman* doctrine; and (4) alternatively, Defendants' motions for *Younger* and *Pullman* abstention should be granted. Defs.' Obj., ECF 26. The Court has carefully considered Defendants' objections and concludes that the objections do not provide a basis to modify the recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's F & R.

## CONCLUSION

The Court adopts Magistrate Judge Acosta's Findings and Recommendation [24]. Defendants' motion to dismiss [13] is denied. The Court grants Defendants' motion for abstention as to Plaintiff's claims for injunctive relief, and denies Defendants' motion for abstention as to Plaintiff's other claims.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

JOHN V. ACOSTA United States Magistrate Judge

Plaintiff Hector Fernando Canales–Robles ("Canales–Robles") initiated this lawsuit against defendant Collette S. Peters, the former director of the Oregon Youth Authority ("OYA") and current director of the Oregon Department of Corrections ("ODOC"), and other current and former ODOC and OYA officials and employees (collectively, "Defendants"). Canales–Robles asserts multiple claims under 42 U.S.C. § 1983 for alleged violations of his rights under the U.S. Constitution and other claims for violations of his rights under the Oregon Constitution. The gravamen of Canales–Robles's complaint is that OYA policies prevented or deterred him from challenging his criminal convictions in court while he was in OYA custody. Defendants move to dismiss Canales–Robles's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In the alternative, Defendants move to dismiss or stay this lawsuit because of Canales–Robles's pending post-conviction relief ("PCR") case. For the following reasons, the court recommends denying Defendants' motion.

## Background

The following factual allegations appear in the complaint and, for the purposes of this motion to dismiss, are taken as true: *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Canales–Robles is currently an inmate in the custody of ODOC, housed at the Oregon State Correctional Institution ("OSCI"). (Compl. (ECF No. 1) ¶ 4.) Canales–Robles was convicted of criminal offenses in Oregon Circuit Court and sentenced to 180 months in prison. (*Id.* ¶ 18.) Because Canales–Robles was 17 years old when he committed the underlying offenses and 18 years old when sentenced, he began his sentence at an OYA youth facility instead of an ODOC adult facility. (*Id.* ¶¶ 19–20, 24, 28.) Canales–Robles was incarcerated at MacLaren Youth Correctional Facility ("MacLaren") from 2008 until 2014. (*Id.* ¶¶ 28–29.)

Various OYA policies and practices at MacLaren limited Canales–Robles's ability to challenge his sentence through PCR proceedings or a petition for habeas corpus. (*Id.* ¶¶ 35–110.) For example, OYA policies denied Canales–Robles access to legal assistance (other than privately retained counsel), adequate law-library materials, Spanish-language translators, and other resources necessary to file a PCR petition. (*Id.* ¶¶ 55, 62–94.)

Policies and practices at MacLaren also discouraged filing a PCR petition. MacLaren inmates with pending appeals or collateral challenges could not advance beyond a low level in the "tag" system, through which inmates earn additional privileges. (Compl. ¶¶ 96–100.) Canales–Robles's placement in the Secure Intensive Treatment Program ("SITP") also prevented him from filing a PCR petition. (*Id.* ¶¶ 95, 101–04.) Inmates in the SITP program who pursued legal challenges to their convictions or sentences faced discipline or removal from the program. (*Id.* ¶ 102.) A lack of progress through the "tag" system—which filing a PCR petition would cause—was also grounds for removing an inmate from SITP. (*Id.* ¶¶ 96–100, 103.) Any inmate who was removed from the SITP program was transferred to an ODOC adult facility. (*Id.* ¶ 104.) OYA staff told inmates that they faced rape, stabbing, and physical attacks if transferred to an ODOC adult facility. (*Id.* ¶¶ 105–06.) The combination of the OYA and MacLaren policies prevented Canales–Robles from filing a PCR petition or federal habeas corpus petition within the statute of limitations. (*Id.* ¶¶ 35–51.)

Canales–Robles was transferred to an ODOC adult facility in 2014. (Compl ¶ 117.) The statutes of limitations for Canales–Robles to file a PCR or habeas corpus petition had expired more than two years prior to his transfer to the ODOC facility. (*Id.* ¶¶ 121–22, 127.) In 2016, Canales–Robles filed a PCR petition in an Oregon court, arguing his inability to file a PCR petition while in OYA custody excused the untimeliness of his petition. (*Id.* ¶ 130.) Canales–Robles's PCR petition is pending. (*Id.*)

## Standard

Federal Rule of Civil Procedure ("Rule") 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings need not contain detailed factual allegations, but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. *Id.* at 556, 127 S.Ct. 1955.

## Analysis

Defendants move to dismiss Canales–Robles's lawsuit because his conviction and

sentence remain valid. As Canales–Robles cannot assert he is wrongfully incarcerated other than through a habeas corpus or PCR proceeding, Defendants conclude he has no standing to bring a viable claim for damages. Alternatively, Defendants move for the court to abstain from hearing this case, based on Canales–Robles's pending PCR case.

■■■■ Defendants' motion to dismiss turns on the intersection of two unrelated doctrines governing lawsuits by prisoners. First, persons convicted of crimes may assert a federal-court challenge to their convictions only through a petition for a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A plaintiff therefore cannot bring any non-habeas claim in federal court if the relief sought implies the invalidity of the plaintiff's conviction or sentence. *Id.* Second, prison inmates do not have a freestanding right to access a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Instead, an inmate has the right to access the courts to challenge their conviction, sentence, or conditions of confinement. *Id.* at 354–55, 116 S.Ct. 2174. The doctrine of standing requires an inmate to allege an "actual injury" due to interference with the inmate's right to access the courts. *Id.* at 349–51, 116 S.Ct. 2174. The "actual injury" requirement means an inmate suing for denial of access to courts must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353, 116 S.Ct. 2174.

Defendants argue Canales–Robles cannot allege an actual injury based on his collateral challenges to his sentence without implying that his challenges would have been successful. This argument raises two issues. First, under *Lewis*, the court must determine whether Canales–Robles has standing to bring a claim for denial of access to courts prior to favorable termination of his PCR petition. Second, under *Heck*, the court must determine whether Canales–Robles can assert a claim for damages without implying the invalidity of his conviction.

## I. Standing under *Lewis*.

Defendants argue that *Lewis* requires Canales–Robles to show that his stymied PCR and habeas petitions were meritorious, and that *Heck* precludes litigating the merits of Canales–Robles's collateral challenges to his conviction and sentence outside of habeas. Canales–Robles disagrees, contending *Heck* and *Lewis* allow an inmate to bring an access-to-courts claim for obstruction of an arguable collateral challenge to the inmate's conviction or sentence without implying the invalidity of his confinement. As an initial matter, the parties agree that a court in this district considered a substantially identical question in 2014. *Koch v. Jester*, No. 6:12-cv-0613-BR, 2014 WL 3783961 (D. Or. July 31, 2014).[1] The *Koch* decision is therefore the starting point for the court's analysis.

### A. Koch v. Jester.

In *Koch*, Judge Brown concluded *Heck* and *Lewis* barred an ODOC inmate, who alleged that OYA policies and practices prevented him from filing a timely PCR petition while in the SITP program at MacLaren, from asserting a claim for damages for being denied access to courts. 2014 WL 3783961, at *1–2, *4–5. The *Koch* court relied on multiple decisions from the Seventh Circuit applying *Heck* and *Lewis* to bar all access-to-court claims based on obstacles to filing a collateral challenge, and district court decisions from the Ninth

---

1. The counsel who represented the plaintiff and defendants in *Koch* represent Canales– Robles and Defendants respectively in this lawsuit.

Circuit following the Seventh Circuit decisions. *Id.* at *4–5 (citing *Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012), and *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999)). Judge Brown followed the weight of authority and dismissed the plaintiff's claim. *Id.* at *5 ("Absent precedent to the contrary, the Court concludes the reasoning in *Burd, Hoard,* and the district court cases in the Ninth Circuit is inevitably persuasive.").

Defendants seek dismissal of Canales–Robles's complaint under the reasoning of *Koch.* Defendants argue that *Lewis* requires Canales–Robles to show that his stymied PCR and habeas petitions were meritorious, and that *Heck* precludes litigating the merits of Canales–Robles's collateral challenges to his conviction and sentence outside of habeas. Canales–Robles concedes that *Koch* presented the same issues presented here. He nonetheless argues *Hoard* and *Burd* expand *Heck* and *Lewis* beyond their holdings, and thus are not binding on the court. Canales–Robles then contends *Heck* and *Lewis* allow an inmate to bring a access-to-courts claim for obstruction of an arguable collateral challenge to the inmate's conviction or sentence without implying the invalidity of his confinement.

■ The court concludes that intervening developments in the law require the court to revisit the issues presented in *Koch.* Subsequent decisions call into question the applicability of *Hoard* and *Burd,* particularly within the Ninth Circuit. First, a carefully reasoned opinion from the Eastern District of California rejected *Hoard* and *Burd* and allowed claims for nominal, consequential, and punitive damages against correctional officials who interfered with a plaintiff's attempt to file a collateral challenge to his sentence and conviction. *Sprinkle v. Robinson,* No. 2:02-cv-1563-JAM-EFB, 2017 WL 1079833 (E.D. Cal. Mar. 22, 2017). Second, the 2016

*Spokeo* decision reiterated that intangible, difficult-to-quantify harms may still be sufficiently concrete to create standing. *Spokeo Inc. v. Robins,* —— U.S. ——, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016). Accordingly, the persuasiveness of *Burd* and *Hoard,* which Judge Brown found compelling when she decided *Koch,* is less so now. The court will therefore examine whether the reasoning of *Burd* and *Hoard* should control this case.

### B. Standing in access-to-courts lawsuits.

*Burd* and *Hoard*—which rely on an earlier Seventh Circuit decision, *Nance v. Vieregge,* 147 F.3d 589 (7th Cir. 1998)—conclude an inmate whose collateral challenge is obstructed cannot seek damages because they lack an actual injury. The actual injury requirement derives from *Lewis,* a case concerning standing. *Lewis,* 518 U.S. at 348–49, 116 S.Ct. 2174. *Burd, Hoard,* and *Nance* all addressed a narrow issue: whether inmates obstructed from challenging their imprisonment in court can assert a cognizable injury after the obstruction ceases, without implicating the validity of their sentences. *See, e.g., Nance,* 147 F.3d at 591–92. Where the obstruction of access to courts has passed, damages are the only available remedy. *Id.* at 591. The Seventh Circuit cases all concluded *Heck* precludes asserting a lost collateral challenge as an injury because a favorable judgment would imply that the collateral claim was meritorious. *Id.* at 591–92; *see also Burd,* 702 F.3d at 534–35; *Hoard,* 175 F.3d at 533–34.

In concluding that *Heck* precluded asserting an actual injury, the Seventh Circuit also concluded the only injury incurred when a prison obstructs access to the courts is the economic value of the lost claim. *Hoard,* 175 F.3d at 533–34 (distinguishing between the settlement value of a

colorable tort claim and the all-or-nothing value of a collateral challenge); *Nance*, (stating the only available damages in an access-to-courts claim are compensation for the lost litigation). None of the Seventh Circuit cases addressed whether nominal damages are available. *But see Burd*, 702 F.3d at 435 n.2 (observing that a nominal damages claim is still subject to the *Heck* bar). By implication, the Seventh Circuit cases held that an inmate only has standing to sue based on a past, non-continuing obstruction of a collateral challenge if the collateral challenge would have succeeded.

The court concludes that the standing requirement for an access-to-courts claim is not so narrow. Under *Lewis* and subsequent Ninth Circuit precedent, an inmate's standing to sue arises from the injury inherent in being denied access to courts, in addition to any monetary value of a lost claim.

■ An inmate does not have "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 354–55, 116 S.Ct. 2174. Thus, an inmate suing for a denial of access to courts must allege an "actual injury" caused by deficiencies in a prison's law library or legal assistance program. *Id.* at 351–52, 116 S.Ct. 2174. An actual injury occurs when a "nonfrivolous legal claim [is] frustrated or ... being impeded." *Id.* at 353, 116 S.Ct. 2174. Actions causing dismissal of or an inability to file a lawsuit creates an actual injury. *Id.* at 356, 116 S.Ct. 2174. Additionally, not every lawsuit implicates the right to access the courts while incarcerated. An inmate's right to access the courts is limited to challenges to a sentence or conviction and civil-rights lawsuits challenging conditions of confinement. *Id.* at 354–55, 116 S.Ct. 2174. In sum, *Lewis* held that standing requires an inmate asserting an access-to-courts claim to have been "frustrated or impeded" from filing a nonfrivolous lawsuit challenging their sentence, conviction, or

conditions of confinement. *Lewis* did not, however, limit an inmate's actual injury to the monetary value of a lost claim.

The Ninth Circuit examined the concept of "actual injury" in *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010). In *Hebbe*, the court held that an inability to use the prison law library to research a potential appeal was an actual injury creating standing under *Lewis*. *Id.* at 342–43. The *Hebbe* plaintiff's appeal was far from certain to succeed—in a special appellate brief, his appellate counsel stated he had found no legitimate issues for appeal. *Id.* at 343. While *Hebbe* did not address the application of *Heck*, the court held that an inmate-plaintiff sustains an actual injury when prison officials obstruct the inmate's ability to research whether he could mount a collateral challenge to his sentence. *Id.* The actual injury in *Hebbe* was the violation of the plaintiff's fundamental constitutional right, not the economic value of the failed appeal. *Id.*

■ *Spokeo* also supports considering the denial of access to courts as a cognizable injury independent of the monetary value of an obstructed lawsuit. There, the Court applied the general Article III standing requirement of "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (internal quotation marks omitted). The Court focused on the concreteness requirement— that is, an injury must be "real, and not abstract." *Id.* (internal quotation marks omitted). The court reiterated that intangible injuries can be concrete, particularly where courts have historically recognized an intangible harm as a basis for standing to sue. *Id.* at 1549. The intangible harm from being unable to access the courts is a

historically recognized injury. Access to the courts 'is a fundamental constitutional right, long recognized by the courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Ex parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). Moreover, the core of the right to access courts is the ability to pursue lawsuits that "directly protect our most valued rights." *Bounds*, 430 U.S. at 827, 97 S.Ct. 1491 (citing *Johnson v. Avery*, 393 U.S. 483, 485–86, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)).

■■■ The court concludes Canales–Robles asserts an actual injury. Canales–Robles alleges he was prevented from filing a legal challenge to his conviction or sentence while in OYA custody at MacLaren. The injury Canales–Robles complains of—being prevented from filing a collateral challenge to his sentence—was "established beyond doubt" forty years ago as an injury conferring standing. *See Bounds*, 430 U.S. at 821, 97 S.Ct. 1491. Canales–Robles's alleged lost opportunity to timely file a non-frivolous challenge to his conviction or sentence is an actual injury creating standing to sue. *Lewis*, 518 U.S. at 356, 116 S.Ct. 2174; *Hebbe*, 627 F.3d at 343. Moreover, if Canales–Robles prevails in this lawsuit, the judgment would establish only that his appeal was not frivolous, without any implication of the validity of his conviction or sentence. *See Lewis*, 518 U.S. at 356, 116 S.Ct. 2174. Accordingly, *Heck* does not mean that an obstructed collateral challenge to an inmate's conviction or sentence is not an actual injury until the conviction or sentence is overturned. Canales–Robles alleges sufficient facts to show an actual injury creating standing to sue.

### III. *Heck*'s Limitation on Available Damages.

■■■ Defendants are correct, however, that *Heck* limits the relief Canales–Robles

can seek for the alleged violation of his right to access the courts—he could not, for example, seek damages for the fact of his incarceration. *See Heck*, 512 U.S. at 487, 114 S.Ct. 2364. An award of damages for being incarcerated would imply that Canales–Robles's conviction or sentence was invalid. *Id.* *Heck* also bars some claims for nominal damages based on procedural defects, if that claim would imply the invalidity of Canales–Robles's sentence or conviction. *Edwards v. Balisok*, 520 U.S. 641, 645–47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

The court now considers whether any of Canales–Robles's claims for damages are viable under *Heck*. Canales–Robles seeks nominal, compensatory, and punitive damages. (Compl. at 41–42, ¶¶ C–E.)

### A. *Nominal Damages.*

■■■ First, the court concludes nominal damages are available. In *Carey v. Piphus*, the Court held that nominal damages were appropriate where school discipline procedures denied students procedural due process. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). *Carey* stands for the proposition that violations of core constitutional protections support claims for nominal damages, even if the plaintiff does not suffer cognizable monetary damages. *Id.* There, the court held that a violation of due process rights created an injury independent of the outcome under constitutionally valid procedures. *Id.* ("Even if respondents' suspensions were justified, and even if they did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process."). The *Carey* Court found that nominal damages for violations of "absolute rights" represent an appropriate balance between "the importance to organized

society that those rights be scrupulously observed." *Id.*

Here, Canales–Robles alleges, *inter alia*, a violation of his First Amendment right to challenge his conviction and sentence in court. The right to access the courts to challenge a conviction and sentence is a fundamental right. *Bounds*, 430 U.S. at 828, 97 S.Ct. 1491. Just as the denial of procedural due process inflicts an injury even if providing procedural due process would not change the outcome, blocking or impeding an inmate's fundamental right to challenge his or her conviction in court inflicts an injury distinct from the outcome of that challenge. *Carey*, 435 U.S. at 266, 98 S.Ct. 1042; *see also Hebbe*, 627 F.3d at 343 (inability to research grounds for an appeal is an injury creating standing). Awarding nominal damages for Defendants' acts impeding access to courts would not imply the invalidity of Canales–Robles's conviction because the procedural injury Canales–Robles asserts is independent of the merits of his conviction or sentence. *Cf. Edwards*, 520 U.S. at 645–47, 117 S.Ct. 1584 (barring nominal damages under *Heck* because the asserted procedural defect would be grounds for reinstating good-time credits). Defendants do not show that a denial of access to courts, without more, is grounds for reversing or altering a conviction or sentence. *See Sprinkle*, 2017 WL 1079833, at *8–9 (nominal damages are an available remedy for denial of access to courts). Accordingly, Canales–Robles may seek nominal damages for his access-to-courts claim.

### B. Compensatory & Punitive Damages.

■■■ Second, Canales–Robles seeks compensatory and punitive damages for his access-to-courts claim. The court concludes *Heck* is not a categorical bar to compensatory and punitive damages, though he cannot seek relief for the fact of his incarceration prior to favorable termination of his collateral challenges to his sentence and conviction. The *Sprinkle* court allowed the plaintiff to pursue punitive damages and any compensatory damages that did not imply the invalidity of his conviction or sentence. *Sprinkle*, 2017 WL 1079833, at *8–9. Canales–Robles's complaint does not specify the basis for his compensatory damages. A determination of whether Canales–Robles can seek non-*Heck*-barred compensatory damages is best deferred to a later stage in the proceedings.

In sum, the combination of *Heck* and *Lewis* do not bar Canales–Robles's claim. Canales–Robles asserts a cognizable injury based on Defendants' alleged policies and practices that prevented him from filing a PCR petition while in OYA custody at MacLaren. While *Heck* prevents a claim for damages for being incarcerated, Canales–Robles may assert claims for nominal and punitive damages without implying the invalidity of his sentence. Canales–Robles may also seek compensatory damages that do not imply the invalidity of his sentence. Accordingly, the court should deny Defendants' motion to dismiss under *Heck* and *Lewis*.

### IV. *Rooker–Feldman* Doctrine.

■■■ Defendants also argue the *Rooker–Feldman*[2] doctrine requires dismissal of Canales–Robles's claim. Under the *Rooker–Feldman* doctrine, federal courts may not hear de facto appeals from state court judgments. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). *Rooker–Feldman* has a narrow scope, barring only cases where a losing party in a state-court proceedings seeks "review and

---

**2.** *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1982).

rejection" of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Defendants contend this lawsuit challenges the merits of Canales–Robles's conviction and sentence. The court disagrees. This lawsuit does not assert legal error in Canales–Robles's underlying conviction or otherwise request review of the underlying conviction. For the reasons stated above, Canales–Robles asserts a claim for a constitutional injury that is independent of the fact of his incarceration. The court therefore should deny Defendants' motion to dismiss under *Rooker–Feldman*.

### V. *Younger* and *Pullman* Abstention.

Federal courts may abstain from hearing a § 1983 lawsuit while a state PCR proceeding is pending. *Heck*, 512 U.S. at 487 n.8, 114 S.Ct. 2364. Defendants ask the court to abstain from hearing this case because Canales–Robles raised the limitations on his ability to file a PCR petition while in OYA custody at MacLaren as a basis for tolling the statute of limitations in his state PCR claim. Defendants raise two bases for abstention. First, *Younger* abstention applies where a federal plaintiff seeks relief from parallel state judicial proceedings implicating important state interests. *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Defendants contend *Younger* abstention applies because Canales–Robles seeks to restrain state judicial proceedings. Second, *Pullman* abstention allows courts to decline jurisdiction "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d

1163 (1959) (citing *R.R. Comm. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). *Pullman* "abstention is appropriate when (1) the federal plaintiff's complaint requires resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear." *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998). Defendants contend the pending PCR case could moot or alter the posture of the access-to-courts claim.

#### A. Younger *Abstention.*

The court concludes *Younger* abstention is appropriate as to Canales–Robles's claims for injunctive relief, but not his claims for damages. Canales–Robles seeks various injunctions affecting his pending PCR case, with the effect of causing the state to waive any timeliness defense. (Compl. at 39–40, ¶ B(1–5).) To the extent Canales–Robles seeks intervention in his ongoing PCR case, *Younger* requires declining jurisdiction over Canales–Robles's claims for injunctive relief. The pending state PCR case is the appropriate venue for resolving whether Canales–Robles's allegations merit tolling the statute of limitations. The state court is competent to determine the constitutional component of the tolling issue. Accordingly, the court should decline jurisdiction over Canales–Robles's claims for injunctive relief relating to his pending state PCR case.

#### B. Pullman *Abstention.*

*Pullman* abstention does not apply to Canales–Robles's claim for damages. His claim for denial of access to courts does not involve any unclear issue of state law, and certainly not a determinative issue of state law. *See San Remo*, 145 F.3d

at 1104. Accordingly, the court should retain jurisdiction over Canales–Robles's claims for damages.

### Conclusion

The court should DENY Defendants' motion to dismiss. The court should GRANT IN PART Defendants' motion for abstention, as to Canales–Robles's claims for injunctive relief, and DENY IN PART Defendants' motion for abstention as to Canales–Robles's other claims.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due June 19, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5th day of June, 2017.